**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**WILLIAM LOFTUS, individually and on**
**behalf of all others similarly**
**situated,**                                      19-cv-7984 (JGK)

                    **Plaintiff,**              <u>**MEMORANDUM OPINION AND**</u>
                                                <u>**ORDER**</u>
          **- against -**

**SIGNPOST INC.,**

                    **Defendant.**

 **JOHN G. KOELTL, District Judge:**

     The plaintiff brings this putative class action against

Signpost Inc., alleging violations of the Telephone Consumer

Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 <u>et seq.</u> The

defendant, Signpost Inc., moves to stay this action pending the

decision of the Supreme Court in <u>Barr v. Am. Ass'n of Political</u>

<u>Consultants</u>, No. 19-631, 140 S. Ct. 812 ("AAPC"). For the

reasons discussed below, the defendant's motion is **granted.**

                              **I.**

     The following facts are taken from the Amended Complaint

and are undisputed unless otherwise noted. The plaintiff alleges

that the defendant uses an "automatic telephone dialing system"

("ATDS") to make automated calls to individuals to solicit

business. Amended Compl. ¶ 35. The defendant uses a pre-loaded

list of telephone numbers that are automatically dialed in

sequence; when an individual answers the phone, the individual

is transferred to the defendant's customer service representative. Id. at ¶¶ 36-38. The plaintiff received three calls at his wireless phone number on July 3, 2019; August 27, 2019; and August 30, 2019. Id. at ¶¶ 40-41, 57, 68. The calls were made without the plaintiff's consent. Id. at ¶¶ 53, 75. The plaintiff also alleges that the defendant failed to follow regulations requiring companies to maintain a do-not-call list, training personnel about the list, and honoring do-not-call requests. Id. at ¶¶ 22, 72-74.

The TCPA defines an ATDS as "equipment which has the capacity – to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 27 U.S.C. § 227(a)(1). The TCPA makes it unlawful for a party make a call using an ATDS "to any telephone number assigned to a . . . cellular telephone service. . . , unless such call is made solely to collect a debt owed to or guaranteed by the United states." 27 U.S.C. § 227(b)(1)(A).

On November 22, 2019, the defendant moved for a stay of the proceeding because the Second Circuit Court of Appeals was expected to define the scope of an ATDS in two cases— Kloth-Zanard v. Bank of Am., No. 19-2043 and Duran v. La Boom Disco, Inc., No. 19-600. The defendant also moved for a stay under the primary jurisdiction doctrine because the FCC issued a Request for Comment on how it should interpret the TCPA and had yet to

publish a ruling. On January 31, 2020, the defendant notified the Court that the Supreme Court granted a writ of certiorari in Barr v. Am. Ass'n of Political Consultants, No. 19-631, 140 S. Ct. 812. The question presented in Barr is "[w]hether the government-debt exception to the TCPA's automated-call restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute." Barr, Question Presented Report.

On April 7, 2020, the Second Circuit Court of Appeals decided Duran. See 955 F.3d 279 (2d Cir. 2020). The defendant agrees that the decision of the Court of Appeals resolves one of the three bases for which the defendant sought a stay. Of the remaining two, the defendant argues that the most important basis for a stay is the Supreme Court's imminent decision in Barr.

## II.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In determining

whether to grant a stay, courts in this district consider five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996); see also Estate of Heiser v. Deutsche Bank Tr. Co. Americas, No. 11-CV-1608, 2012 WL 5039065, at *2-3 (S.D.N.Y. Oct. 17, 2012) (discussing wide use of Kappel test by courts in this district to stay civil case pending an appeal in a related matter). Further, "[p]ostponing the final disposition of a case pending an upcoming decision by the United States Supreme Court is a practice exercised by the Second Circuit in the interest of judicial economy." Jugmohan v. Zola, No. 98-CV-1509, 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000); see also Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (A court may "properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action.").

## III.

The Supreme Court held oral argument in Barr on May 6, 2020. A stay until July 17, 2020, by which time a decision by

the Supreme Court is expected, is appropriate. Four factors clearly weigh in favor of a stay. The defendant has a substantial interest in avoiding unnecessary litigation, which could be substantial given that the case is asserted as a class action. Because it is possible that the Supreme Court may invalidate the automated-call restriction entirely, rather than severing any unconstitutional provision from the statute, this action could be rendered moot by the Supreme Court's decision. Third parties thus also have an interest in a stay because the Supreme Court's decision could moot the need for discovery from third parties. The plaintiff argues that if the government debt-collection exception were found to be unconstitutional, the Supreme Court would be unlikely to invalidate the entire TCPA provision and would instead sever the government debt-collection exception from the statute's provisions. While the Fourth and Ninth Circuit Courts of Appeals have severed the government-debt exception from the TCPA, see Duguid v. Facebook, Inc., 926 F.3d 1146, 1156-57 (9th Cir. 2019); Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n, 923 F.3d 159, 171 (4th Cir. 2019), it is not clear that the Supreme Court will do the same. Moreover, oral argument has already been held, and a stay until the Supreme Court issues its decision will be brief. The Court and public also have an interest in the efficient conduct of litigation. Even a decision from the Supreme Court

that would not be dispositive of issues in this case could contain guidance that would allow this litigation to proceed on a reasonable and efficient basis. Additionally, the exigencies of the COVID-19 pandemic have made the process of litigation more difficult. A stay in these circumstances conserves judicial resources and avoids unnecessary expense for a cause of action that may ultimately be rendered moot. Various district courts have granted stays of cases regarding the TCPA's restriction on automated calls based on similar reasoning. See e.g., Lacy v. Comcast Cable Commc'ns, LLC, No. 3:19-CV-05007-RBL, 2020 WL 2041755, at *1-*2 (W.D. Wash. Apr. 28, 2020) (collecting cases); Boger v. Citrix Sys., Inc., No. 8:19-CV-01234-PX, 2020 WL 1939702, at *2 (D. Md. Apr. 22, 2020); Nakai v. Charter Commc'ns, Inc., No. CV 19-8035-GW-SSX, 2020 WL 1908949, at *6 (C.D. Cal. Apr. 15, 2020).

The plaintiff argues that a stay would be against his interests because proceeding expeditiously would ensure that documents are not destroyed before they can be accessed through discovery. However, the defendant has attested that it is aware of its obligations and has instituted a litigation hold to preserve documents that may be relevant to the litigation. Foster Decl., Dkt. No. 33. The stay is for a short amount of time and any alleged harm to the plaintiff, including a short delay of his claim that the defendant failed to establish and

follow do-not-call procedures, is minimal. See Boger, 2020 WL 1939702, at *1-*2 (granting stay pending the Supreme Court's decision in Barr, despite the plaintiff's claim that the defendant violated the TCPA's do-not-call provisions). Accordingly, the stay will not prejudice the plaintiff.

The balance of the relevant factors weighs decidedly in favor of briefly staying this case.

CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The defendant's motion to stay this case is **granted.** The case is stayed until **July 17, 2020.** On or before that date, the parties shall provide the Court with a status report on the case including the effect of any Supreme Court decision in the Barr case. The Clerk is directed to close Docket No. 27.

**SO ORDERED.**

**Dated:     New York, New York
            June 2, 2020**                              /s/ John G. Koeltl
                                           _____
                                                **John G. Koeltl
                                           United States District Judge**