

April 5, 2021

Ryan D. Watstein
Direct Dial: 404.400.7307
E-Mail: rwatstein@kcozlaw.com

<u>VIA ECF</u>

Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

    Re:    *William Loftus v. Signpost* Inc., No. 1:19-cv-07984-JGK
                <u>Letter Brief Regarding Effect of Supreme Court's Decision in *Facebook, Inc. v. Duguid et al.* on This Case</u>

Dear Judge Koeltl:

    Pursuant to this Court's October 19, 2020 Order (Dkt. 53), Defendant Signpost, Inc. hereby submits its letter brief regarding the effect of the Supreme Court's decision in *Facebook, Inc. v. Duguid et al.*, --- S. Ct. ----, 2021 WL 1215717 (Apr. 1, 2021) on this case.

    In short, *Facebook* ends Plaintiff's TCPA claim for "automated call violations" (First Count).

    The TCPA generally prohibits companies from calling cellular numbers with an "automatic telephone dialing system" ("ATDS") absent consent—defined as equipment which has the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers."  47 U.S.C. § 227(a)(1).

    In *Facebook*, the Supreme Court considered the proper interpretation of ATDS. Specifically, must equipment employ a random or sequential number generator to qualify as an ATDS, or is it enough that equipment can dial automatically from a list of stored numbers?

    In its unanimous decision, the Supreme Court rejected the Second Circuit's interpretation of ATDS and unequivocally held that in order to qualify as an ATDS, "***in all cases***, whether storing or producing numbers to be called, *the equipment in question must use a random or sequential number generator*."  2021 WL 1215717, at *5 (emphasis added), *2 ("Congress' chosen definition of an autodialer *requires that the equipment in question must use a random or sequential number generator*.") (emphasis added).

Plaintiff's ATDS claim here rests entirely on the allegation that Signpost dialed telephone numbers automatically from a stored list. (FAC ¶¶ 35-37) That argument is foreclosed by *Facebook*, where the Supreme Court specifically rejected that interpretation of ATDS. Indeed, Plaintiff does not allege that the system at issue uses a random or sequential number generator, as required by *Facebook* to state a claim. (*See* FAC.) That is because Plaintiff *cannot* make this allegation in good faith, given the record evidence shows that the subject system did not employ any random or sequential number generator (*see* Dkt. 29 ¶¶ 3-4). To the contrary, the system was used to reach specific individuals at specific phone numbers, for specific business purposes. (*Id.*) Accordingly, Plaintiff's First Count fails as a matter of law on the pleadings (and the facts) and must be dismissed.

Plaintiff also has an internal "do-not-call" ("IDNC") policy claim (Second Count) – which is also subject to dismissal. That is, after Signpost indicated it would be moving to stay this case in October 2019, Plaintiff amended his pleading to add the new "claim," in attempt to thwart Signpost's motion to stay. (Dkt. 28 at 15; Dkt. 26, ¶¶ 99-102.) However, the IDNC claim is subject to a motion to dismiss and fails as a matter of law, for the several independent reasons outlined in Signpost's motion to stay. (*See* Dkt. 46 at 14-16; Dkt. 51 at 5-6.) First, at all relevant times, Signpost did in fact have IDNC procedures, including a written policy, and Plaintiff has no reason to believe otherwise. (*See* Dkt. 29 ¶ 5.) Indeed, and second, Plaintiff does not even allege that he made any DNC request, so Plaintiff has no basis for alleging that there was anything amiss with Signpost's DNC procedures, and he lacks standing to assert such a claim.[1] Third, the regulation under which Plaintiff brings the IDNC claim applies to "residential" (not business) numbers, and Plaintiff does not allege that his purported number is not used for business purposes. Nor can he, as he clearly holds his number out online as his business number. Fourth and finally, several courts have held there is no private right of action for IDNC violations.

In an effort to preserve judicial (and party) resources, Signpost sent a letter to Plaintiff asking that he voluntary dismiss this action. If Plaintiff does not voluntarily dismiss this case, Signpost will file a motion to dismiss both claims.

Dated: April 5, 2021

Respectfully submitted,

/s/ Ryan D. Watstein

Michael D. Kabat
New York Bar No. 836784
Ryan D. Watstein
*Admitted Pro Hac Vice*
KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550

---

[1] *See, e.g., Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1272, 1276 (11th Cir. 2019) ("recipients of such calls who never asked the telemarketer to stop calling them do not have standing to sue over violations of the intention do-not-call list regulations").

Page 3

Atlanta, Georgia 30363
Phone: (404) 400-7300
Fax: (404) 400-7333
mkabat@kcozlaw.com
rwatstein@kcozlaw.com

Kristapor Vartanian
*Admitted Pro Hac Vice*
KABAT CHAPMAN & OZMER LLP
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071
Phone: (213) 493-3980
Fax: (404) 400-7333
kvartanian@kcozlaw.com

*Counsel for Defendant*

cc: All Counsel of Record (via ECF)